UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
at KNOXVILLE

| | | |
|---|---|---|
| BRIAN DAVID FLOYD, | ) | |
| | ) | |
| *Petitioner*, | ) | |
| | ) | |
| v. | ) | No. 3:08-cv-89 |
| | ) | *Jordan* |
| UNITED STATES, | ) | |
| | ) | |
| *Respondent*. | ) | |

# MEMORANDUM AND ORDER

Petitioner has filed a petition for the writ of habeas corpus pursuant to 28 U.S.C. § 2241. Petitioner's application to proceed *in forma pauperis* is **GRANTED**. The Clerk is DIRECTED to file this action without prepayment of costs or other fees as of the date the petition was received and to serve a copy of the petition and this Memorandum and Order on the United States Attorney for the Eastern District of Tennessee. However, for the reasons stated below, the U.S. Attorney shall not be required to file an answer or other pleading to the petition and this petition is **DISMISSED**.

Petitioner was convicted upon a plea of guilty, in the United States District Court for the Eastern District of Tennessee at Knoxville, of being a felon in possession of a firearm; he was sentenced to a term of imprisonment of 33 months, followed by a term of supervised release of three years. *United States v. Brian David Floyd*, Criminal Action No. 3:06-cr-20 (E.D. Tenn. July 14, 2006) (Judgment of Conviction).

Petitioner now alleges that his term of supervised release is a violation of the Fifth Amendment guarantee against double jeopardy because it constitutes a second punishment. Because petitioner is challenging a federal sentence, his remedy is to file a motion pursuant to 28 U.S.C. § 2255. Section 2255, however, provides for a one-year statute of limitation in which to file a motion to vacate sentence.

The limitation period generally runs from the date on which the judgment of conviction becomes final. In the event a petitioner does not file a direct appeal, the statute of limitation commences when the time for filing a direct appeal has elapsed. *Sanchez-Castellano v. United States*, 358 F.3d 424 (6th Cir. 2004) ("[A]n unappealed federal criminal judgment becomes final ten days after it is entered, for purposes of the § 2255 statute of limitations, at least where there has been no district court extension of appeal time for good cause or excusable neglect.").

Petitioner's judgment of conviction was entered on July 14, 2006, and therefore any § 2255 motion would be time-barred. Absent exceptional circumstances, which are not present in this case, petitioner cannot use 28 U.S.C. § 2241 to circumvent the statute of limitation. *See United States v. Peterman*, 249 F.3d 458 (6th Cir. 2001). In any event, petitioner's argument that the imposition of a term of supervised release violates the Fifth Amendment's Double Jeopardy clause lacks merit. *See, e.g., United States v. Phelps*, Nos. 96-1524, 96-1543, 1998 WL 180518 (6th Cir. April 8, 1988).

Because it plainly appears from the face of the petition and the annexed exhibits that petitioner is not entitled to any habeas corpus relief in this court, the petition for the writ of

habeas corpus is **DISMISSED**.  Rule 4 of the Rules Governing Section 2254 Cases In The United States District Courts.  A certificate of appealability **SHALL NOT ISSUE** in this action.  28 U.S.C. § 2253(c); Rule 22(b) of the Federal Rules of Appellate Procedure.  The court **CERTIFIES** that any appeal from this action would not be taken in good faith and would be totally frivolous.  Therefore, this court hereby **DENIES** the petitioner leave to proceed *in forma pauperis* on appeal.  *See* Rule 24 of the Federal Rules of Appellate Procedure.

    **AN APPROPRIATE ORDER WILL ENTER.**

                                                                                          s/ Leon Jordan
                                                                                     United States District Judge